

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2006

# USA v. Dawson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5553

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Dawson" (2006). *2006 Decisions.* Paper 754.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/754

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DPS-267** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5553
_____

UNITED STATES OF AMERICA

v.

LONNIE DAWSON
a/k/a
ABDUL QAHAAR SALIM,

LONNIE DAWSON,

Appellant
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. PA. Crim. No. 82-cr-00128-1)
District Judge: Honorable Harvey Bartle
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 29, 2006

BEFORE: FUENTES, VAN ANTWERPEN and CHAGARES, <u>CIRCUIT JUDGES</u>

(Filed July 12, 2006)

_____

OPINION
_____

PER CURIAM

In 1982, Lonnie Dawson was convicted in the United States District Court for the Eastern District of Pennsylvania on numerous drug-related charges. A cooperating witness, Lawrence Simons, testified about his knowledge of Dawson's drug organization and the Government introduced, among other evidence, six separate recordings of conversations that Dawson and his co-defendant had with Simons concerning their drug business. This Court affirmed Dawson's conviction. The District Court subsequently granted Dawson's motion to reduce sentence, lowering the term of imprisonment from 134 to 65 years. The details of Dawson's numerous motions for post-conviction relief need not be revisited here.

In 2004, this Court granted Dawson permission to file a second or successive § 2255 motion, raising claims based on newly discovered evidence in the form of two recent affidavits from Simons in which he claimed that his 1982 trial testimony was false, and that he had an undisclosed deal with the government to testify falsely in exchange for sentencing leniency on a pending state court murder charge. After a two day evidentiary hearing at which Simons and several of the principal participants from the 1982 trial testified, the District Court denied the § 2255 motion. This Court denied a certificate of appealability. United States v. Dawson, C.A. No. 05-2297 (3rd Cir. Aug. 5, 2005).

Dawson filed a motion seeking leave to file a post-judgment motion entitled "motion for indication of willingness to entertain a post-judgment motion" ("leave motion") and a Rule 60(b) motion in September 2005. On November 21, 2005, the

2

District Court denied, in separate orders, the Rule 60(b) motion and Dawson's leave motion. Dawson filed a timely notice of appeal specifically appealing from the order denying his "motion for indication of willingness to entertain a post-judgment motion."

We have jurisdiction pursuant to 28 U.S.C. 1291.[1] We will summarily affirm. The District Court did not abuse its discretion in denying the leave motion as moot after considering and rendering judgment on Dawson's Rule 60(b) motion on its merits.

Because the petition was properly dismissed and no substantial question is presented by this appeal, the District Court's judgment will be affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6.

---

[1] No certificate of appealability is necessary to appeal the denial of this motion, which essentially seeks leave to file a post-judgment motion.